UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEWAYNE TERRY LANDRUM, | ) | CASE NO. CV 14-6744 DOC (RZ) |
| Petitioner, | ) | |
| | ) | ORDER SUMMARILY DISMISSING |
| vs. | ) | PUTATIVE "SECTION 2255 MOTION |
| | ) | TO VACATE STATE SENTENCE" |
| PEOPLE OF THE STATE OF ARIZONA, | ) | |
| Respondent. | ) | |
| | ) | |

The Court will summarily dismiss this action. It is unclear whether Petitioner Dewayne Terry Landrum, a federal inmate at Lompoc, wishes to challenge a Michigan federal sentence or an Arizona state sentence. Whichever sentence he wishes to challenge, he is simply in the wrong court, having apparently filed his action in this District solely because he happens to be serving his federal sentence here.

Before turning to the pleading commencing this action, the Court addresses some background information. Petitioner was one of dozens of defendants named in a sweeping drug-trafficking case commenced in Maricopa County Superior Court on September 29, 2011. (The Court takes judicial notice of the Arizona court information based on public records available at http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx.) On October 13, 2013, and pursuant to a plea agreement, Petitioner pleaded guilty to Count 140 in the massive indictment, namely "Solicitation of the Sale of

Marijuana Having Weight Greater than Four Pounds."  Minutes of October 13, 2013 in *Arizona v. Landrum*, CR2011-150285-046 DT, *available at* http://www.courtminutes. maricopa.gov/docs/Criminal/112013/m6020640.pdf.  On December 12, 2013, he was sentenced as follows, as reflected in the minutes:

> AS PUNISHMENT, IT IS ORDERED Defendant is sentenced to a term of imprisonment and is committed to the Arizona Department of Corrections as follows:
>> Count 140: 2.5 year(s) from December 12, 2013
>> Presentence Incarceration Credit: 100 days
>> Presumptive [*sic*]
>> Sentence is concurrent with 11-CR 20513-7 U.S. District Court.

Minutes of Dec. 12, 2013 in *Arizona v. Landrum*, *supra*, *available at* http://www.courtminutes. maricopa.gov/docs/Criminal/122013/m6082265.pdf (financial aspects omitted).

As the final quoted words hint, Petitioner previously had been convicted in a factually related federal prosecution (under the first name of "Dwayne" rather than "Dewayne") in the Eastern District of Michigan in *U.S. v. Duah*.  Petitioner entered a plea agreement on May 3, 2012 and was sentenced on November 15, 2012 to 40 months in federal prison, among other punishments.

The current petition is a chimera of sorts, in that Petitioner uses language sometimes suggesting that he means to challenge his Michigan *federal* sentence, and sometimes – rather more often – suggesting that he means to challenge his Arizona *state* sentence.  For example:

\*      On the one hand, Petitioner captions the pleading as a 28 U.S.C. § 2255 motion, which would properly target only a *federal* sentence.  On the other hand, he states in the caption's very next words that he seeks "to vacate [a] *state* sentence[.]"

1   (Emphasis added.)  He also names the State of Arizona as Respondent.

2   *   On the one hand, Petitioner refers (on page 1) to misapplication of Federal
3       Sentencing Guidelines, which presumably apply only in a federal prosecution.  On
4       the other hand, in the opening body paragraph, he cites 28 U.S.C. § 2254, the
5       principle statute governing habeas relief from *state* criminal judgments.  Perhaps
6       most tellingly, Petitioner bases his two first-page claims on errors by "state counsel"
7       and "the Arizona Superior Court."

8       The Court need not resolve this confusion.  No matter which of these
9   judgments Petitioner targets, he is in the wrong court.  The proper federal court in which
10  to challenge the 2013 state court judgment is the United States District Court for the
11  District of Arizona – but only after Petitioner has exhausted his claims in the Arizona state
12  courts.  *See* 28 U.S.C. § 2241; *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.
13  484, 494-95 (1973) (petitioner housed in one state may seek relief from another state's
14  judgment, but only if the court hearing the petition has personal jurisdiction over the
15  petitioner's immediate custodian); 28 U.S.C. § 2254(b) (exhaustion prerequisite).  The
16  proper court in which to challenge the Michigan federal court judgment in a section 2255
17  motion is the same court that issued that judgment.  (Proceedings in *this* Court would only
18  be appropriate – and even then based on 28 U.S.C § 2241 rather than § 2254 or § 2255 –
19  if Petitioner were challenging the *manner in which* his *federal* sentence was being carried
20  out.  *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).  He is not.  He claims
21  (1) that his "state counsel" was ineffective at sentencing, (2) that "the Arizona Superior
22  Court" miscalculated his sentence and (3) that his plea was involuntary and therefore not
23  valid.  *See* Pet. at 1, 7-9.)

24      For the foregoing reasons, the Court DISMISSES the action WITHOUT
25  PREJUDICE.

26      DATED: September 7, 2014

27                                          _David O. Carter_

                                            _____
28                                          DAVID O. CARTER
                                            UNITED STATES DISTRICT JUDGE

- 3 -